IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES N.[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 3:24-cv-01413-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff James N. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claims for Disability Insurance Benefits and Supplemental Security Income. Full consent to magistrate jurisdiction was entered on August 27, 2024 (Dkt. #5). For the reasons provided below, the Commissioner's decision is AFFRIMED.

## BACKGROUND

Plaintiff is a 48-year-old man who alleges he is unable to work due to the effects of irritable bowel syndrome ("IBS") and anterior cutaneous nerve entrapment syndrome. Tr. 198-203, 204-10. In October 2021, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income alleging disability beginning August 20, 2021. *Id.* The claim was initially denied on April 13, 2022, and upon reconsideration on March 9, 2023.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

Tr. 104-08, 109-13, 133-36, 137-40. Plaintiff requested a hearing before an ALJ on March 20, 2023. Tr. 141-42. Plaintiff appeared by phone and testified at a hearing held on December 12, 2023. Tr. 51-72. ALJ Derek Johnson found Plaintiff not disabled on February 15, 2024. Tr. 33-43. The Appeals Council denied review on May 10, 2024, making the ALJ's decision the final agency decision. Tr. 1-6. Plaintiff now requests that the United States District Court review ALJ Johnson's decision and alleges harmful legal error. Pl.'s Br. ECF # 9 at 1-17.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe

2 - Opinion and Order

>  impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.
>
> 3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.
>
>     a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

3 - Opinion and Order

which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since August 20, 2021, the alleged onset date. Tr. 35.

2. Plaintiff has the following severe impairments: irritable bowel syndrome; anterior cutaneous nerve entrapment syndrome. *Id.*

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 36-37.

4. Plaintiff has the residual functional capacity to perform a full range of work but with the following nonexertional limitations: He requires the flexibility to take two five-minute breaks outside of regular breaks and lunch. Tr. 37.

5. The Plaintiff is capable of performing past relevant work as a fast-food worker, stores laborer, and industrial truck operator. Tr. 41.

6. Plaintiff has not been under a disability, as defined in the Social Security Act from August 20, 2021, through the date of this decision. Tr. 43.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray*, 554 F.3d at 1222 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

5 - Opinion and Order

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ erred by improperly rejecting the opinion of Plaintiff's gastroenterologist, Brandon Tarlow, M.D., and
2. Whether the ALJ properly considered Plaintiff's allegations of physical dysfunction.

For the following reasons, the Court finds that the ALJ properly considered the medical opinion on record from Dr. Tarlow and Plaintiff's allegations. The decision of the Commissioner is AFFIRMED.

### I.   Medical Opinion Evidence

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5). The factors of "supportability" and

"consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). In evaluating the "supportability" and "consistency" of a medical opinion, the ALJ is not required to articulate how each individual medical opinion was considered. For example, where a single medical source provides more than one medical opinion, the ALJ will generally address the source's medical opinions together in a single analysis. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and

7 - Opinion and Order

consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

Branden Tarlow, M.D., submitted a medical source statement on July 12, 2023. Tr. 689-92. After noting Plaintiff's chief complaints of abdominal pain with frequent and urgent bowel movements, Dr. Tarlow indicated that Plaintiff would not miss any days of work per month due to his medical conditions, would likely need 10- 30-minute unscheduled breaks, and that Plaintiff "has irritable bowel syndrome [with] hypersensitivity. He responded well to tricyclic antidepressant." Tr. 689, 691. Dr. Tarlow has been treating Plaintiff since November 9, 2022, and opted several times to mark "no opinion" on the medical source statement. Tr. 689-90.

The ALJ found Dr. Tarlow's opinion of Plaintiff's limitations to be "somewhat persuasive," to the extent that Plaintiff needed unscheduled breaks. Tr. 40. However, the ALJ found Dr. Tarlow's opinion that Plaintiff would need unscheduled 10- 30-minute breaks in addition to normal breaks and lunch was not supported by the longitudinal record. Tr. 40. The ALJ's conclusions amount to a reasonable reading of the record and are supported by substantial evidence.

Regarding the factor of supportability, the ALJ found Dr. Tarlow's opinion that Plaintiff would need unscheduled breaks to be:

> supported by explanation, and a limitation to requiring two five-minute breaks outside of regular breaks and lunch is consistent with the record, including [Plaintiff]'s fecal

8 - Opinion and Order

>urgency and pain. However, [Plaintiff]'s treatment history and the objective clinical findings, such as [Plaintiff]'s often nontender, normal abdominal exams, normal strength, and lack of acute distress on exam, as well as his management of symptoms with treatment, and ability to attend appointments regularly, do not support any additional limitations. Tr. 40 (internal citations omitted).

The supportability factor requires ALJs to consider the persuasiveness of a medical opinion based on how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion." 20 C.F.R. § 404.1520c(c)(1).

Here, the ALJ reasonably explained that Dr. Tarlow's opinion that Plaintiff needs unscheduled 10- 30-minute breaks is at odds with Plaintiff's treatment history and objective clinical findings. The restrictive limitations opined by Dr. Tarlow are also unsupported by his own clinical observations, demonstrating Plaintiff's normal abdominal exams without pain, good ability to follow up, and that his irregular stool patterns are "unclear to [Dr. Tarlow] whether this constitutes irritable bowel with diarrhea or on the spectrum of normal digestion. . . He has shown an ability to follow-up reliably[] and has no other interacting medications." Tr. 726, 678, 495, 530, 636, 677, 684, 726, 751. Plaintiff takes issue with the ALJ's citation to many normal exam findings and contends such findings are not inconsistent with someone who has IBS and anterior cutaneous nerve entrapment syndrome. Pl. Br. at 16. Plaintiff fails to cite to anything in the record to support this contention, and his reasoning fails for two additional reasons.

First, many of Dr. Tarlow's treatment notes acknowledge Plaintiff's abdominal pain, irregular and frequent bowel movements, but also indicate many normal physical examination findings, improvement with treatment, and that his abdominal pain from anterior cutaneous nerve entrapment syndrome "comes and goes[,]" therefore supporting the ALJ's conclusion that having more than two extra five-minute breaks is unnecessary. *See* Tr. 636, 678 ("Anterior cutaneous nerve entrapment syndrome[:] Contribute[s] to some of his abdominal pain that comes and

9 - Opinion and Order

goes"), 675 ("He reported using amitriptyline with favorable results although some morning grogginess.").

Second, while an ALJ may not ignore "significant probative evidence," he may reject unsupported and unexplained check-box opinions such as Dr. Tarlow's assessment that Plaintiff would "likely need" 10-30 minutes of unscheduled breaks in addition to those already normally given. Tr. 689; *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022); *see Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (finding no error when the Secretary ignored evidence that was neither significant nor probative); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Dr. Tarlow did not provide an explanation in his medical opinion or treatment notes as to why Plaintiff would specifically need unscheduled 10- 30-minute breaks outside of normal breaks and lunch. Plaintiff argues that the ALJ's "error" is "not harmless" because the VE testified that if a person needed two, 10-minute breaks, there would be no jobs available. Pl. Br. at 16. However, Dr. Tarlow never indicated that Plaintiff would need *two* unscheduled 10-minute breaks, nor does Plaintiff present any evidence supporting this contention. The ALJ's determination that Dr. Tarlow's opinion on the length of unscheduled breaks Plaintiff would need was not supported by his own findings is rational and fully complies with the requirements of 20 C.F.R. § 404.1520c(c)(1).

The ALJ also adequately discussed the consistency of Dr. Tarlow's opinion when finding part of it persuasive. The consistency factor requires the ALJ to assess a medical opinion's alignment with "evidence from other medical sources and nonmedical sources in the claim." 20

10 - Opinion and Order

C.F.R. § 404.1520(c)(2). The ALJ found that Dr. Tarlow's opinion conflicted with Plaintiff's treatment history and objective clinical findings from other providers but simultaneously found Dr. Tarlow's opinion to have some merit, as it was the only one that adequately addressed Plaintiff's allegations about his abdominal impairments. Tr. 40. In fact, the ALJ gave Plaintiff more restrictions than what the state agency consultants opined, which was that Plaintiff had no impairments at all. *See* Tr. 40. *See Nacoste-Harris v. Berryhill*, 711 F. App'x 378, 378-80 (9th Cir. 2017) (The ALJ's inclusion of additional RFC limitations benefits, rather than prejudices, the claimant).

Here, the ALJ addressed the inconsistency of Dr. Tarlow's opinion on unscheduled breaks by citing Plaintiff's treatment history and objective clinical findings, including an emergency department report, physical examinations, and noted improvement with treatment by his other providers. *See* Tr. 40, citing Tr. 318-19 ("[Plaintiff] does not appear in distress and is alert and ambulatory without difficulty. His abdominal examination is benign. Vital signs are normal. Laboratory studies are reassuring. CT of the abdomen and pelvis is interpreted by the radiologist as negative. The patient was observed [i]n the ED without deterioration and upon re-evaluation, is doing well."), 675. The evidence the ALJ cited demonstrates that Plaintiff's symptoms are mostly mild in nature, with treatment being largely conservative, with various providers proscribing him topical creams, Benefiber powder, and a prescription for loperamide and amitriptyline with positive results. *See* Tr. 676, 678, 744, 566, 619. Further, the ALJ found Dr. Tarlow's opinion to be "somewhat persuasive" in that it accounted for Plaintiff's allegations of abdominal pain and frequent bowel movements, which contrasted with the opinion of state agency consultant Dr. Cuccaro. Tr. 40. Dr. Cuccaro opined that Plaintiff had no severe physical impairments. Tr. 90, 96. The ALJ stated that his opinion "is not persuasive. It is not supported by

11 - Opinion and Order

a review of the complete record, and is not consistent with the record, which establishes persistent abdominal symptoms that more than minimally impacted the claimant's ability to perform basic work activities." Tr. 40 (internal citation omitted). From this, the ALJ reasonably chose to adopt Dr. Tarlow's suggested work limitation in part, namely that Plaintiff receive extra breaks extending no more than 10 minutes based on explained inconsistencies with medical and other record evidence. Tr. 38-40. Ultimately, the ALJ explained that the lack of supportability and consistency between Dr. Tarlow's opinion and Plaintiff's contemporaneous treatment notes and objective medical record evidence made parts of his medical opinion unpersuasive. The Court concludes that the ALJ sufficiently addressed the consistency and supportability factors and supported the decision to discount Dr. Tarlow's opinions with substantial evidence.

## II.    Subjective Symptom Testimony

Plaintiff testified that he is unable to work because he is in the restroom "basically all day" with "multiple false alarms and multiple bowel movements." Tr. 55. He claims that "everything feels like an emergency" and that he is "scared to go anywhere because there's no toilets anywhere." Tr. 56. It is noteworthy that Plaintiff told his providers he wanted to work, stating "I wish they could help me figure out a way to where I can at least work four hours." Tr. 62-63. In his decision, the ALJ discounted Plaintiff's symptom allegations as inconsistent with his treatment records and due to his improvement with treatment. Tr. 38-40. Plaintiff now argues that the ALJ failed to identify "clear and convincing reasons for discounting Plaintiff's allegations of pain and physical dysfunction." Pl. Br. at 7.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no

affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

### A. Medical Records

In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective

complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

The ALJ relied, in part, on Plaintiff's medical records to discount his symptom allegations. In his consideration of the evidence, the ALJ found Plaintiff's allegations of fecal urgency and frequency and abdominal pain to be at odds with the medical evidence and that his impairments "support a limitation to work with the flexibility to take two five-minute breaks outside of regular breaks and lunch." Tr. 38. The ALJ discussed the objective medical evidence and sufficiently supported his conclusion, because "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

For example, the ALJ discussed Plaintiff's complaints of bowel dysfunction, but the treatment notes show that his colonoscopy was unremarkable and that all other gastrointestinal testing, *i.e.*, blood work, stool cultures, and celiac testing was normal except for a common stomach bacteria, H. pylori, and gastritis. Tr. 38-39, citing 339, 393, 461, 559-60, 636, 675, 742. Further, the ALJ acknowledged Plaintiff's complaints of frequent bowel movements, fecal urgency, and severe abdominal pain, but found that they did not align with numerous physical examinations, which documented Plaintiff on many occasions in no acute distress with generally no abdominal tenderness and normal bowel sounds. Tr. 38-39, citing 319, 326, 401, 423, 426, 429, 477, 495, 528, 530, 542-43, 568, 653. In turn, the ALJ found that Plaintiff's allegations of being in the bathroom "all day" were inconsistent with record, and more so suggest that Plaintiff's symptoms warranted "the flexibility to take two five-minute breaks outside of regular breaks and lunch." Tr. 38, 55. Plaintiff has not shown that this finding is unreasonable or unsupported by substantial evidence and has failed to show that the ALJ erred in discounting Plaintiff's allegations as inconsistent with the objective evidence. Though Plaintiff is correct that

14 - Opinion and Order

this reasoning could not alone support the ALJ's discounting of his testimony, this was not the sole reason cited by the ALJ and the ALJ did not err in considering the extent to which the objective evidence corroborated Plaintiff's testimony. *See* Pl. Br. at 12-13; *see also* Tr. 38-39.

### B.     Improvement with Treatment

ALJ's may, consider any other evidence relevant to determine the severity and functionally limiting effects of a claimant's symptoms, including evidence that symptoms were effectively controlled or have improved with treatment. *See* 20 C.F.R. § 404.1529(c)(3)(vii); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.") (citations omitted). However, it is error for an ALJ to isolate a few instances of improvement in the medical record as a basis for concluding a claimant is capable of working. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citation omitted). In the context of mental health issues, "reports of 'improvement' must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Id.* (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008)); *see also Attmore v. Colvin*, 827 F.3d 872, 877-79 (9th Cir. 2016) (ALJ erred by finding improvement where claimant continued to have functional impairments and improvement was not sustained).

The ALJ found that Plaintiff's gastrointestinal symptoms had improved with treatment. Tr. 38-39. The ALJ pointed out that while Plaintiff claimed frequent daily bowel movements, significant fecal urgency, and severe abdominal pain, he also reported improvement with the use of marijuana, change of diet, and used over-the-counter fiber supplements and prescribed medications that were routinely refilled. Tr. 38-39, citing 56, 392, 477-78, 493, 495, 525, 529; 528, 644, 675, 682. Specifically, the ALJ found Plaintiff's claims of completely disabling

15 - Opinion and Order

symptoms to be at odds with his reports to providers that his abdominal pain improved with the use of marijuana, and that he had no sense of "fecal urgency" despite going to the restroom a few times a day. Tr. 38-39, citing Tr. 525. Notably, Plaintiff's other treatment providers recognized his treatment effectiveness including "significantly" improved symptoms with amitriptyline, and Dr. Tarlow only called for yearly follow-up appointments under the condition that Plaintiff established care with a primary care physician first. Tr. 564, 678 ("He feels that the amitriptyline has improved his symptoms significantly and the tradeoff for side effects is tolerable."), 691, 726, 741.

The ALJ's conclusions are reasonable and are supported by substantial evidence. Plaintiff argues the ALJ only cited to one treatment note showing that only his "sleep had improved with Amitriptyline." Pl. Br. at 11. Plaintiff also contends that the amitriptyline did not completely resolve his symptoms, and if it had, "he would not require the flexibility for unscheduled break time lasting 10-30 minutes per day." Pl. Reply Br. at 4. However, the operative question is not whether treatment completely resolves the medical condition, but whether treatment alleviates the severity of the symptoms such that the claimant can participate in work activities. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The record supports the ALJ's determination that Plaintiff's prescribed and over-the-counter treatment alleviates the severity of his symptoms so that he can participate in work activity with two extra 5-minute breaks.[2]

---

[2] Plaintiff includes an RFC argument in his briefing, alleging that the ALJ was required to include a limitation regarding "proximity" to a restroom in the RFC. *See* Pl. Br. at 10-11. However, the RFC is the most a person can do, despite his physical or mental impairments. 20 C.F.R. § 404.1545. In formulating an RFC, the ALJ must evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, *available at* 1996 WL 374184.

Here, there is no evidence in the record of any of Plaintiff's treatment providers, or the state agency consultants, stating that he needs to be in a specific "proximity" to a bathroom. All of the cases cited by Plaintiff to support this argument regard situations where the ALJ included "ready access to a bathroom" in the claimant's RFC to begin with because that specific limitation was provided by the claimant's treatment providers. *See* Pl. Br. at 10. Such is not the case here. *See* Tr. 37. By contrast, Plaintiff's argument is based on his own testimony, as opposed to what 20

16 - Opinion and Order

Specifically, the record supports the conclusion that one of his prescription medications, dicyclomine, has improved his symptoms at a low dose and has been repeatedly prescribed to him. *Id., see also* Tr. 626, 636, 682, 685 ("He has not tried Imodium and responded reasonably well to dicyclomine"), 723. Though Plaintiff would have the Court reweigh evidence, "[w]here evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017). Thus, the ALJ did not err in discrediting Plaintiff's testimony based on his improvement with treatment.

## ORDER

The ALJ properly evaluated Plaintiff's subjective symptom testimony and the medical opinion evidence from Dr. Tarlow. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this 18 day of June, 2025.

MARK D. CLARKE
United States Magistrate Judge

---

C.F.R. § 404.1545 actually calls for, which is any relevant medical evidence *in addition* to a claimant's own testimony. Thus, Plaintiff's argument is without merit.

17 - Opinion and Order